IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MICHAEL D. SPOTTEN, )
on behalf of Angela V. )
Spotten, deceased, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-12-081-FHS
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Michael D. Spotten on behalf of Angela V. Spotten, deceased (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on April 4, 1962 and was 48 years old at the time of the ALJ's decision.[2] Claimant completed her high school education and come college work. Claimant has worked in the past

---

[2] Claimant died on November 24, 2010 and her interests are now represented in this matter by her surviving spouse.

3

as a cashier, cook, waitress, manager, clerk, and maintenance worker. Claimant alleges an inability to work beginning August 19, 2008 due to limitations resulting from hepatitis C, COPD, obesity, diabetes mellitus, and affective mood disorder.

**Procedural History**

On August 20, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On March 18, 2010, an administrative hearing was held before ALJ John W. Belcher in Tahlequah, Oklahoma. On April 2, 2010, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on December 22, 2011. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform less than the full range of

light work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in his step five findings, which Claimant contends are not supported by substantial evidence.

**Step Five Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of hepatitis C, COPD, obesity, diabetes mellitus, and affective mood disorder. (Tr. 22). He found Claimant retained the RFC to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, push and/or pull consistent with lifting/carrying limitations, stand and/or walk 2 hours in an 8 hour workday at 30 minute intervals and sit 6 hours in an 8 hour workday at 1 hour intervals. Claimant was only to occasionally climb stairs, ladders, ropes, and scaffolds and occasionally balance, bend, stoop, kneel, crouch, and crawl. The ALJ also specified that Claimant should avoid concentrated exposure to fumes, odors, dusts, toxins, gases, and poor ventilation. The ALJ found Claimant is able to perform simple and some moderately complex work but with no intense interpersonal contact with co-workers, supervisors, or the general public. (Tr. 24). After consultation with a vocational expert, the ALJ found Claimant could

5

perform the representative jobs of "assembly, unskilled, sedentary exertion . . . laborer, unskilled, sedentary exertion . . . and inspection/checking, unskilled, sedentary exertion . . . ." He, therefore, found Claimant was not disabled. (Tr. 35-36).

Claimant first contends the ALJ and the vocational expert did not sufficiently identify the jobs that Claimant could perform at step five. In questioning the vocation expert, Mr. Glen Marlowe, the ALJ posed the following hypothetical question:

> . . . I want you to assume a 47-year-old individual with a high school education and some college, and work experience as outlined by yourself in your report and any testimony today. This individual, hypothetical individual, could lift no more than 20 pounds occasionally and 10 pounds frequently, with pushing and pulling consistent with the lifting and carrying limitations. The individual could stand or walk for two hours out of an eight hour day and sit for six hours out of an eight hour day, provided she could change positions from standing and walking, 30 minutes at a time, and sitting one hour at, at a time. The individual could occasionally climb, balance, bend or stoop, kneel, crouch, or crawl. The individual would need to avoid concentrated exposure to fumes, odors, dust, toxins, gases, and poor ventilation. The individual could do simple tasks and some moderately complex tasks. The individual would need to avoid intense interpersonal contact with co-workers, supervisors, and the public.
>
> * * *
>
> . . . any other work that she could do in the regional and national economies?

The vocational expert responded to the hypothetical

questioning as follows:

> VE: Judge, in the, that basically limits her to sedentary, unskilled, or some, a few jobs, like sewing machine operator, in the light, unskilled, where they sit most of the time. But the problem there is, there's so much dye in the material that that could be considered fumes and would not be good for people who had lung problems. In the unskilled, sedentary range, there would be assembly jobs. Not all of those would be available. Normally, there's 1,200 in Oklahoma, which is the region. 93,000 in the U.S. I would reduce that 50 percent. SO that'd roughly be 600 in Oklahoma, 46 5 (sic) in the U.S. And that would be - -
>
> ALJ: How much in the U.S.?
>
> VE: About 46,000 - -
>
> ALJ: OK
>
> VE: - - 500. And that's because some of those jobs would be around fumes and dust, things like that. And that number is 732.684-062. There's [INAUDIBLE] labor jobs. [INAUDIBLE] polishing items, in the sedentary range. And normally, there's, there's 600 in Oklahoma, 40,000 in the U.S. And I would reduce that, too, as some of those jobs would have irritants involved, so, that would roughly be 300 in Oklahoma, 20,000 in the U.S. And that number is 715.687-086. There's inspecting and checker jobs in the economy. 250 in Oklahoma. 20,000 in the U.S. That number is 716.687-030.

(Tr. 77-80)

A vocational expert's testimony can provide a proper basis for an ALJ's determination where the claimant's impairments are reflected adequately in the hypothetical inquiries to the expert.

7

Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). Claimant does not contend the ALJ posed an improper question which did not contain the full extent of her limitations. Rather, she asserts the recitation of jobs available in the economy is vague and subject to speculation. Clearly, the ALJ could have been more precise and articulate in his recitation of the vocational expert's testimony. However, the vocational expert specifically identified the jobs which would be associated with the general category that the ALJ set forth in his decision. DOT number 732.684-062 is the specific job of "Fishing Reel Assembler" which, of course, is generally an assembly job. DOT number 715.687-086 is the job of "Masker" which involves polishing timepieces and is generally a laborer job. DOT number 716.687-030 is the specific job of "Lens-Block Gauger" and involves inspection/checking. Accordingly to the *Dictionary of Occupational Titles*, all of these jobs entail an unskilled, sedentary RFC - which is consistent with the ALJ's findings. Further, the vocational expert took into account any limitation in exposure to fumes and dust by cutting the available jobs in the economy in half. This Court finds no error in this regard in the ALJ's step five findings.

## Conclusion

The decision of the Commissioner is supported by substantial

evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 12th day of March, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE